## Lewis v. The Travelers Indemnity Co.

*Milford L. McBride, Jr.*, for plaintiffs.
*William J. Joyce*, for defendant.

McKay, J., July 21, 1961.—In this action of assumpsit defendant has moved for judgment n. o. v. and for a new trial following a verdict for plaintiffs. The motion for judgment n. o. v. is not being pressed.

The action was brought to recover on an automobile insurance policy issued by defendant company. Plaintiffs are father and son. The policy was issued to the father. The son was injured in an automobile accident and both seek to recover for expenses incurred for medical services for which they claim defendant is liable under the policy.

The accident occurred on July 8, 1958, in the State of New Jersey, near Atlantic City. The son plaintiff, A. Duff Lewis, Jr., was driving a car owned by one John Dunkerly when it collided with a car operated by one Robert Buck.

As a result of the injuries which the son received in the accident, plaintiffs obtained the sum of $14,000 in a settlement from the insurance company which insured Buck against liability. They also collected $2,875 from the Nationwide Mutual Insurance Company under a policy issued to Dunkerly by that Company which, under a clause entitled "Family Compensation" provides for the medical expenses incurred and compensation for disability on a per diem basis

for the injury of anyone injured as a result of an accident in which the Dunkerly vehicle is involved. Of the $2,875, $2,000 was for medical expenses and $875 was for compensation under the disability provision.

The present action is brought under the portion of defendant's policy which provides for payment of expenses incurred for medical services. Plaintiffs claim $2,361.39 with interest from July 8, 1959, that sum representing the total amount of the hospital and medical expenses incurred in the treatment of the plaintiff son.[1]

Defendant did not contest the right of plaintiffs to recover $361.39 of their total hospital and medical expenses resulting from the accident, but it challenged their right to recover the additional $2,000, claiming that only the excess over $2,000 of such expenses were recoverable because of the limitation in condition 20 of defendant's policy. That condition is entitled "Other Insurance, Part II" and reads as follows:

"The insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance."

Defendant's position is that this condition limits the amount which plaintiffs can recover from defendant

---

[1] The Nationwide policy contained a $2,000 limit for such expenses. The policy provided for the payment of "all reasonable expenses for medical, dental or surgical treatment, ambulance, hospital, professional nursing and prosthetic devices, incurred within one year following the accident and caused by it, not to exceed in total for any one person" $2,000 for a person over the age of 18, and which provided, in addition, for daily compensation at the rate of $5 to one over the age of 18 "for each day within 180 days after the accident, continuously and necessarily confined indoors due to the injury, under the care of a licensed physician other than himself—payable monthly."

to the excess of their expenses for medical services over what they received from the Nationwide Company for such services, viz., $361.39.

On the other hand, plaintiffs contend that the limitation imposed by condition 20 does not apply to plaintiffs' claim but only to accidents occurring when a person other than the insured or a relative of the insured is the one who is injured, as provided in division 2 of part II of the policy.

At the trial, we construed the policy as contended for by plaintiffs, and directed the jury, in the event they found plaintiffs' testimony to be true, to return a verdict in their favor for $2,361.39, the full amount of their claim.

The present motion challenges our action in that respect. It requires that we now determine afresh whether the policy should be construed to limit plaintiffs' claim to the excess over $2,000; that is, whether condition 20 applies to plaintiffs' claim.

The policy is entitled a "Family Automobile Policy." The named insured is the father plaintiff, A. Duff Lewis. In item 1 it refers to the "owned automobile," stating that it will be principally garaged at the insured's residence in Grove City, Pa. Item 3 describes the owned automobile as an "English Ford Sta. Wgn" and a "Hillman Sedan." Item 4 entitled "Coverages" includes "C. Medical Payments 1 & 2."

Part II is entitled "Expenses for Medical Services." The pertinent portions read:

"Coverage C—Medical Payments

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident, while occupying or through being struck by an automobile;

"Division 2. To or for any other person who sustains bodily injury, caused by accident, while occupying

"(a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; or

"(b) a non-owned automobile, if the bodily injury results from (1) its operation or occupancy by the named insured or its operation on his behalf by his private chauffeur or domestic servant or (2) its operation or occupancy by a relative and it is a private passenger automobile or trailer not regularly furnished for the use of such relative.

"Definitions

"The definitions under Part I apply to Part II, and under Part II:

" 'occupying' means in or upon or entering into or alighting from;

" 'an automobile' includes a trailer of any type."

It will be noted that by the language of part II the definitions under part I apply to part II. This requires us to refer to part I, which is entitled "Liability," for the definitions that apply to the terms used in part II. The definitions are:

" 'owned automobile' means a private passenger or utility automobile or trailer owned by the named insured, and includes a temporary substitute automobile;

" 'temporary substitute automobile' means any automobile or trailer while temporarily used as a substitute for the owned automobile or trailer when

withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

" 'non-owned automobile' means an automobile or trailer not owned by the named insured or any relative, other than a temporary substitute automobile;"

When, at the time of the trial of the present case, we instructed the jury that condition 20 did not apply to plaintiffs' claim, we reasoned that, since the limitation of condition 20 related solely to accidents involving a nonowned automobile, and nonowned automobiles are not referred to at all in division 1 of part II where the insured or his relatives are covered, but are specifically mentioned in division 2 of part II where other persons than the owner or his relatives are covered, the term "non-owned automobile" in condition 20 was intended to apply only to the accidents covered by division 2, and hence did not apply to the accident of plaintiff, who, being the son of the insured, is covered by division 1.

Upon careful restudy of the policy, aided by the excellent arguments and briefs of counsel and by the well-reasoned opinion of Judge McDonald, of Cambria County, in a recent case involving essentially identical facts (Popp v. Harleysville Mutual Casualty Co., 20 D. & C. 2d 561)[2], we are of the opinion that we were wrong in our construction of the policy at the trial.

As we now interpret the policy in the light of the pertinent facts of the case, the plaintiff son, A. Duff Lewis, Jr., was injured while he was "occupying" a "non-owned automobile" as defined in the definition portion of part I, the automobile not being owned by the insured but by Dunkerly. Hence, his case falls squarely within the limitation of condition 20 entitled "Other Insurance, Part II" which reads, as we have

---

[2] A case which we did not know of at the time the present case was tried.

stated: "The insurance with respect to a . . . *non-owned automobile* shall be excess insurance over any other valid and collectible automobile medical payments insurance."

Condition 20 is a general condition which applies to medical payments provided for under part II. It is specifically entitled "Other Insurance," which signifies that it deals with a situation where other insurance than defendant's is involved which will furnish medical payments. It provides explicitly that when a "non-owned automobile," i.e., an automobile not owned by A. Duff Lewis, the insured, is involved, the insurance providing for medical payments by the defendant company shall be only "excess insurance over any other . . . automobile medical payments insurance."

That our original construction of the policy was wrong is further apparent when we note that condition 20 refers to "temporary substitute" automobiles, as well as to "non-owned" ones. There is no reference in division 2 of part II to temporary substitute automobiles.

Our error in construction resulted from looking at the words of part 2 to ascertain what was meant by a non-owned automobile instead of by taking the obvious meaning of the word or accepting the definition of the term in part I, as part II specifically directs.

We are satisfied that the intent of this policy, as is clearly evident from its terms, is to provide that when the insured or a relative is injured while occupying or being struck by any[3] automobile, and that automobile is not owned by the insured, defendant is to pay for medical expense only the excess over that paid by other insurers.

This is a reasonable interpretation, for it is more

---

[3] Part II, division 1, of the policy reads "an" automobile. "An" and "any" mean the same thing.

likely that there will be such "other" or additional insurance providing for medical payments when the owner or a relative is occupying or is struck by a non-owned car than when it is the owned car that is involved. As Judge McDonald pertinently observes in the Popp case, supra, at page 565, 566, "Since it is highly unlikely the insured would have two policies covering the same automobile, it was unnecessary in the 'Other Insurance' section to mention the owned automobile." The wide, unlimited coverage for medical expense is intended to apply to the accidents in which the owned, or insured car is involved, and someone other than the owner or a relative is injured.

We are aware that there are many decisions which hold that when an insurance policy is capable of being construed in either of two ways, the court must adopt the construction which favors the insured since the insurer is the one which prepared the policy. For example, see Blue Anchor Overall Co. v. Pa. Lumbermens Mutual Insurance Co., 385 Pa. 394. We are also aware that a defense based upon an exception or an exclusion, and hence as here, a limitation, in a policy is an affirmative defense and that the burden is cast upon the insurer to establish it: Armon v. Aetna Casualty and Surety Co., 369 Pa. 465. On the other hand, it is equally well established that the rights of the parties to an insurance contract are fixed by the contract and the courts have no right to disregard the plain words of the policy: Urian v. Scranton Life Ins. Co., 310 Pa. 144; Yoder v. United Benefit Life Insurance Co., 171 Pa. Superior Ct. 18.

As we now view the pertinent provision of the policy in the present case, its meaning is entirely free from ambiguity. We are satisfied that we were clearly in error in construing it as we did at the time of the trial and that it is our duty now to so declare.

Plaintiff also contends that the insurance provided for by the Nationwide policy was not a "valid and collectible automobile medical payments insurance" within the meaning of condition 20 of defendant's policy. It points out that the plaintiff father was originally covered by a medical payments insurance provision but that this was subsequently changed to what is known as "Family Compensation Insurance," which includes $5 per day disability in addition to the provision for medical payments. Plaintiff adds that the clause required plaintiffs to execute and deliver a complete release of liability when the family compensation insurance was paid, a provision which is not required in medical payment clauses. The clause in the Nationwide policy in question reads as follows::

"D. Family Compensation. To pay, in accordance with the schedule below and subject to the execution and delivery of a complete release of the liability of the Company and all persons entitled to the protection of this policy under Coverage C (2), irrespective of such liability, to or for the benefit of . . ." See Schedule "A" attached to defendant's answer to plaintiffs' complaint.

We recognize that there are certain differences between ordinary medical expense insurance and the novel provision for family compensation contained in the Nationwide policy. We cannot escape the conclusion, however, that regardless of whatever else the Nationwide policy provides it comprises a provision for "automobile medical payments insurance" which in the present case is both "valid and collectible" and, hence, it constitutes "other valid and collectible automobile medical payments insurance" within the terms appearing in condition 20.

Accordingly, defendant's motion for new trial must be granted.

*Order*

Now, July 21, 1961, it is ordered that a new trial is awarded in the above entitled case unless plaintiffs file a remitter for all sums in excess of $361.39 and costs.